NO. 07-09-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2010

______________________________


ROBERT DAVID ARGUIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B 3145-0708; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Pursuant to a plea bargain, Appellant, Robert David Arguijo, was granted five years
deferred adjudication community supervision for aggravated assault in 2008. On December
31, 2008, the State filed an Amended Motion to Proceed to Adjudication alleging the
following violations of the terms and conditions of community supervision: (1) failed to
report to the Community Supervision Officer, (2) failed to pay restitution, fees, and costs,
and (3) failed to complete community service hours. Following a hearing on the State’s
amended motion, the trial court entered an order continuing Appellant on deferred
adjudication community supervision and modifying the terms thereof to include, among
other conditions, Appellant’s commitment to the Lubbock County Court Residential
Treatment Center. On July 23, 2009, the State filed a subsequent Motion to Proceed to
Adjudication alleging Appellant failed to complete the court-ordered residential treatment
center program. At the hearing on the State’s motion, Appellant entered a plea of true to
the State’s allegation and the trial court adjudicated him guilty of aggravated assault with
a deadly weapon finding. Punishment was assessed at ten years confinement and a
$5,000 fine. That same day, the trial court certified that the defendant had the right to
appeal. Appellant’s notice of appeal was then filed by Appellant’s trial counsel, Kregg
Hukill, on September 3, 2009. That same day, the trial court granted Hukill’s Motion to
Withdraw as Counsel. Accordingly, at this time Appellant is pursuing his appeal pro se. 
          The clerk’s record was filed on October 20, 2009. According to the clerk’s record,
although Appellant was initially represented by retained counsel during the early stages of
this case, he was represented by appointed counsel during the proceeding at issue in this
appeal. 
           The reporter’s record was due to be filed on October 27, 2009. On October 23,
2007, the Official Court Reporter for the 242nd District Court filed a request for an
extension of time in which to file the record indicating that Appellant had not submitted a
written designation nor paid or made arrangements to pay for the record. An extension of
time was granted to November 30, 2009, in which to file the record. By that same letter,
Appellant was directed to certify to this Court on or before November 12, 2009, whether he
had complied with the Texas Rules of Appellate Procedure pertaining to reporter’s records. 
Appellant did not respond.
          Pending before this Court is a subsequent request for extension of time filed by the
court reporter indicating Appellant has not yet submitted a written designation nor made
arrangements to pay for the record. Trial and appellate courts are jointly responsible for
ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). Due to
Appellant’s status as an indigent at the time of the revocation of deferred adjudication
community supervision and the imposition of sentence, we now abate this appeal and
remand the cause to the trial court for further proceedings. During this abatement, the trial
court shall utilize whatever means necessary to determine the following:
1. whether Appellant desires to prosecute this appeal, and if so,
2. whether Appellant is indigent and entitled to appointed counsel and a free
reporter’s record. 
 
Should it be determined that Appellant does want to continue the appeal and the trial court
determines that he is entitled to appointed counsel, the name, address, telephone number,
and state bar number of newly-appointed counsel shall be provided to the Clerk of this
Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed 
with the Clerk of this Court by February 15, 2010.
          The reporter’s request for an extension of time filed on January 11, 2010, is
rendered moot.
          It is so ordered.
Per Curiam
 
 
 
Do not publish.
 
 
 
 
 
 
 
 
 



 sans-serif">Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          After a jury trial, appellant Ildefonso Santiago Martinez was convicted of eight counts
of aggravated sexual assault and two counts of indecency with a child. Punishment was
assessed by the jury at life imprisonment for each count of aggravated sexual assault and
twenty years imprisonment for each count of indecency with a child with the sentences to
run consecutively. 
          Appellant’s appointed counsel has filed motions to withdraw, together with an
Anders’


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant’s appeals are without merit. Along with his brief, he has provided
a copy of a letter sent to appellant informing him of counsel’s belief that there was no
reversible error and of appellant’s right to file a response pro se. By letter dated December
12, 2008, this court also notified appellant of his right to file a response by January 12,
2009, if he wished to do so. To date, we have received neither a response nor a request
for extension of time to file one. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
various phases of the trial including pre-trial and voir dire, the guilt/innocence phase, the
charge conference and the court’s charge, final arguments on guilt/innocence, and the
punishment phase. In doing so, he analyzed why he perceived there to be no reversible
error during each phase. He also discussed whether the evidence was sufficient to support
the verdicts and whether the stacking of appellant’s sentences constituted cruel and
unusual punishment, but again he concluded there was no reversible error. Thereafter,
we conducted our own review of the record to assess the accuracy of appellate counsel’s
conclusions and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991) and concluded the same. 
          Accordingly, the motions to withdraw are granted, and the judgments are affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.